UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT SCOTT SCUBA,  
    Plaintiff,

vs

REGINALD WILKINSON, et al.,  
    Defendants.

Case No. 1:05-cv-718

Spiegel, J.  
Hogan, M.J.

REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Defendants are Reginald Wilkinson, the Director of the Ohio Department of Rehabilitation and Correction (ODRC); Kay Northrup, the ODRC Deputy Director of the Offices of Correctional Health Care; Bruce Martin, the ODRC Medical Director of the Bureau of Medical Services; and LeCI medical personnel Cindy Lawson, James McWeeney, Ida Lockhart, and Amy Weiss. Plaintiff alleges he suffers from Hepatitis serums B, and D, Asian. He alleges defendants have denied and delayed medically appropriate treatment for his serious medical condition and have been deliberately indifferent to his serious medical needs.

This matter is before the Court on defendant Wilkinson's motions for judgment on the pleadings and to stay discovery pending resolution of his motion for judgment on the pleadings (Docs. 21, 22), plaintiff's memorandum in opposition (Doc. 23), defendant Wilkinson's reply memorandum (Doc. 24), and plaintiff's motion to strike defendant's reply memorandum. (Doc. 25).

In determining a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), "all well-pleaded material allegations of the pleadings of the [non-movant] must be taken as true." *U.S. v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993)(quoting *Lavado v. Keohane*, 992 F.2d

601, 605 (6thCir. 1993). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991). Where a Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court must apply the standard for a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987). "[A] Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice. The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1367 (2005).

Defendant Wilkinson moves for judgment on the pleadings contending that plaintiff's complaint fails to state any facts indicating defendant Wilkinson has had any personal involvement in the alleged constitutional violations. The undersigned disagrees.

Plaintiff's complaint alleges the following:

¶33. The extensive and evasive time limits set forth in the (ODRC's) medical protocols and policies, including but not limited to, those relevant to Hepatitis B, C, and D, and denies Interferon & Ribavirin treatment, (the only medically acceptable treatment), to inmates unless they suffer from extremely advanced, virtually incurable liver disease. These protocols and policies are unconstitutional, inconsistent and incompatible with generally acceptable medical standards; and deliberately indifferent to Plaintiff's rights to be protected from cruel and unusual punishment.

> ¶34. The Defendants are directly responsible for the promulgation and enforcement of said protocols and policies.

(Doc. 3). Departmental policies are issued in compliance with Ohio Rev. Code § 5120.01 which delegates to the Director of the Ohio Department of Rehabilitation and Correction the authority to manage and direct the operations of the Department and to establish such rules and regulations as the Director prescribes. Ohio Rev. Code § 5120.01. "The Director of the ODRC is vested with total authority to prescribe the rules and regulations for all correctional facilities in Ohio." *McGuire v. Ameritech Services, Inc.*, 253 F. Supp.2d 988, 1007 (S.D. Ohio 2003). Plaintiff's pro se complaint, liberally construed, alleges that the policies and protocols established by defendant Wilkinson under which plaintiff's medical care is directed and limited violates his Eighth Amendment rights. At this juncture, plaintiff has pled sufficient facts to show defendant Wilkinson's personal involvement in the alleged denial of medical care to withstand defendant's motion for judgment on the pleadings.

Accordingly, it is hereby **RECOMMENDED** that defendant Wilkinson's motion for judgment on the pleadings (Doc. 21) be **DENIED**, defendant's motion to stay discovery pending resolution of his motion for judgment on the pleadings (Doc. 22) be **DENIED** as moot, and plaintiff's motion to strike defendant's reply memorandum (Doc. 25) be **DENIED** as moot.


Date: 3/6/2006    s/Timothy S. Hogan
                  Timothy S. Hogan
                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT SCOTT SCUBA,
    Plaintiff,

vs

REGINALD WILKINSON, et al.,
    Defendants.

Case No. 1:05-cv-718

Spiegel, J.
Hogan, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

1:05cv718 Doc.26

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (*Printed Name*) \| C. Date of Delivery |
| 1. Article Addressed to:<br>Robert Suba #359-073<br>Lebanon Corr. Inst.<br>PO Box 56<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*) ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 0860 0000 1409 2450 |

PS Form 3811, August 2001  Domestic Return Receipt  102595-02-M-1540